# FERNANDEZ

*v.*

# CADIERNO HERMANOS ET AL.

San Juan, Law, No. 1187.

INFLUENCING WITNESS.

New Trial—Affidavit.

    1. While the rule for new trial requires that application for new trial must be by affidavit of the party and an affidavit by the applicant's attorney is opposed, the court will not consider the affidavit.

New Trial—Tampering with Witnesses.

    2. Tampering with witnesses is a serious matter, and must be clearly shown as a ground for new trial or otherwise. It is the better practice, after subpœna is issued, for the other party to have nothing to do with the witnesses. If the witnesses, however, were previous associates of the party against whom they are used, and the matter complained of is merely getting from them a statement taken from books which would be accessible to either party by subpœna duces tecum, and no actual harm resulted, the point will not be considered.

Trial—How the Jury Get at Verdict—Increase by Court.

    3. The court cannot know how the jury get at the amount of their verdict, and cannot increase the verdict; but, if satisfied it is too small, the court may direct a new trial unless the successful party agrees to a specific increase.

Opinion filed June 10, 1918.

*Mr. Harry F. Besosa* for plaintiff.

*Messrs. Frank Martinez* and *E. H. F. Dottin* for defendant.

Fernandez v. Cadierno Hermanos.

HAMILTON, Judge, delivered the following opinion:

Upon the trial of this case the jury rendered a verdict for the plaintiff of $175. Plaintiff, being dissatisfied, moved for a new trial upon two grounds: First, that he was prevented from having a fair and impartial trial, due to surprise which ordinary prudence could not have guarded against, from defendant's tampering with plaintiff's witnesses; and, second, that the verdict is against the law and instructions given by the court, in that expenses proved amounted to $700.

1. The rule and practice of this court provide that matters of fact, upon application for a new trial, shall be shown in detail by affidavit. (Rule 62.) In the case at bar the application is a motion under oath of the plaintiff's attorney. No reason is given, but the facts upon the trial show that the plaintiff himself resides in a distant part of the Island. As the defendant does not insist upon this point, it will not be further noted.

2. The accusation that the opposite party has tampered with one's witness is a serious one. It must be shown by clear evidence or it will not be regarded. In the case at bar the tampering is stated, upon the argument, to have consisted in the fact that the defendant obtained from the witnesses for the plaintiff a statement of the account which was the basis of the bankruptcy proceeding now complained of. The statements in question seem to have been taken from the books of witnesses as creditors of the plaintiff, and there is no allegation that the books had been falsified in any way. The point seems, therefore, to be the technical one whether, after a witness is subpœnaed by one party, the other can get any information from

Fernandez v. Cadierno Hermanos.

him.    The safe rule is for one party to have nothing to do with the other party's witnesses after subpœna is served.    This cannot be taken as an absolute rule, however, because, if it is literally enforced, all a party would have to do would be to subpœna the witnesses supposed to be material to the opposing side, and then not use them.    This would be an abuse of process of the court, and could not be sustained.    In the case at bar the plaintiff's witnesses, who gave the statements complained of, joined with the defendant in the original bankruptcy proceeding, and were, apparently, associates, if not friends, of the defendant himself.    What would be the proper course to pursue if they had been merely witnesses to the transaction, without any special tie to the defendant, need not be inquired into.    Here they were such associates, and all the evidence that is shown is taken from books to which either side could have had access by subpœna duces tecum or otherwise. It is difficult to see how any actual harm resulted.    If there had been any tampering with the witnesses the point might be different; but there is no evidence of this except the statement of counsel, who, from the nature of the case, must be proceeding upon hearsay and his own belief rather than actual knowledge of the facts.    Tampering with a witness is too serious a charge to be substantiated in this way.    Upon the whole, therefore, it does not seem that this point of tampering has been made out, and cannot be said, therefore, to have resulted in any unfairness in the trial.

3. How the jury got at the verdict of $175 is not apparent. The court, arguendo, told them that there was evidence of $200 transportation expenses, and $500 in fees paid, and contracted to be paid, to attorneys; but the court did not tell the

Fernandez v. Cadierno Hermanos.

jury and could not properly have told the jury that they must believe that those expenses were actually incurred. The jury would seem to have found that they were not properly incurred, except possibly $150 actually paid attorneys, and $25 paid for automobile hire. Of the $150 paid his attorney there can be no reasonable question, and none that this was on account of the charge actually made of $500. The fact that $500 were agreed to be paid, however, did not bind the jury. They may have found with propriety that that charge was too large for the small bankruptcy proceeding, and that less was proper. This the court would be unwilling to disturb.

It would seem, however, that more than $25 must have been paid for automobile hire from Naguabo to San Juan. The evidence is that there were a number of trips taken, and there is no evidence that the plaintiff could stay in San Juan for nothing.

On the whole, the verdict could, on the evidence, have fairly been for at least $250. The court is without power to increase the verdict, but an order will be entered that unless the defendant consents within ten days to such increase, and to a judgment for $250, a new trial will be granted.

It is so ordered.